UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DILADE MCCOY, | : |
| Petitioner | : CIVIL ACTION NO. 3:24-0172 |
| v | : (JUDGE MANNION) |
| WARDEN, LSCI-ALLENWOOD | : |
| Respondent | : |

**MEMORANDUM**

**I. Background**

On January 30, 2024, Dilade McCoy, a former inmate confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

McCoy challenges the Bureau of Prisons' (BOP) calculation of his time credits under the First Step Act of 2018 (FSA). Id. He claims that he has not been properly credited with time credits as required under the FSA and good conduct time. Id. For relief, he requests the Court order the Bureau of Prisons (BOP) to apply his credits and order his immediate release to a Residential Reentry Center (RRC) or home confinement. Id.

A review of the Federal Bureau of Prisons Inmate Locater reveals that McCoy is currently housed in the Baltimore Residential Reentry Center, see https://www.bop.gov/inmateloc/. Further, Respondent's submissions reveal that on March 4, 2024, McCoy was approved to be transferred on March 27, 2024 to home confinement. (Doc. 9-10 at 2).

For the reasons set forth below, the instant petition will be dismissed as moot.

## II. Discussion

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past

2

exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because McCoy has received the relief he requested, namely release from BOP custody to a residential reentry center and, subsequently, to home confinement, his habeas petition has been rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

*(signature)*

**MALACHY E. MANNION**
United States District Judge

Date: April 2, 2024
24-0172-01